UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT K. ALEXANDER** | **CIVIL ACTION NO. 6:12-cv-3151** |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **CHIEF JIM CRAFT, ET AL.** | **MAGISTRATE JUDGE HILL** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is a civil rights Complaint, filed on December 26, 2012, in *forma pauperis* by *pro se* plaintiff Albert K. Alexander pursuant to 42 U.S.C. § 1983.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons, it is recommended that this complaint be **DISMISSED WITHOUT PREJUDICE** as duplicative and malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

## Background

*Pro se* plaintiff Albert K. Alexander, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on December 26, 2012. Alexander is a pre-trial detainee, currently incarcerated at the Lafayette Parish Correctional Center, awaiting trial on one count of attempted unauthorized entry of an inhabited dwelling, two counts of simple battery, one count of telephone harassment, and nine counts of felony grade possession of stolen property. Plaintiff names Lafayette

Police Chief Jim Craft, along with Officers Calvin Parker and Christina Bernard as defendants, claiming that the two officers stole and destroyed his 3 GS Apple i-Phone, which allegedly contained exculpatory evidence with respect to these pending criminal charges. Plaintiff prays for compensatory damages.

On September 19, 2011, plaintiff filed a *pro se* civil rights complaint, in *forma pauperis*, seeking damages from numerous defendants, including Chief Craft and Officers Parker and Bernard. In that action, plaintiff complained that he had been subjected to unconstitutional searches and seizures, resulting in plaintiff's being unconstitutionally arrested on January 7, 2011 and subsequently charged with numerous crimes, including one count of attempted unauthorized entry of an inhabited dwelling, two counts of simple battery, one count of telephone harassment, and nine counts of felony grade possession of stolen property.

Because those criminal charges arose from the complained of arrest and search and seizure, and because the state criminal prosecution remained pending at the time plaintiff filed his suit, the undersigned ordered a stay of that case pending the resolution of the outstanding criminal charges, in accordance with the directives of the United States Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007). Plaintiff was instructed to file a motion to lift the stay once his state criminal proceeding had concluded and submit periodic status reports in the interim. *See Albert K. Alexander v. City Police of Lafayette,*

*et al.*, Civil Action No. 6:11-cv-1749 at Doc. 11.[1]

Thereafter on December 10, 2012, plaintiff filed a petition for writ of *habeas corpus* seeking an Order of this Court staying his pending Louisiana state court criminal prosecution and an Order declaring that the seized evidence be suppressed. *See Albert K. Alexander v. Warden, L.P.C.C.*, Civil Action No. 6:12-cv-3050. The undersigned has recommended that this action be dismissed with prejudice under the principles set forth by the United States Supreme Court in *Stone v. Powell*, 96 S.Ct. 3037, 3052 (1976) and *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Plaintiff filed the instant complaint, in *forma pauperis*, on December 26, 2012. Plaintiff acknowledges that he has a previously filed civil rights action against these same defendants regarding this same arrest. However, despite the fact that plaintiff continues to comply with this Court's Order requiring the periodic filing of status reports in his pending (but stayed) action, plaintiff states that he has no knowledge of whether the action was dismissed. [rec. doc. 1, pg. 2, ¶ 1(C)]. Indeed, plaintiff filed a copy of the instant lawsuit in his pending action, as well as a copy of a parallel state court lawsuit addressing this same claim, in which lawsuit plaintiff has sought a transfer of the entire case to this court because his "claims are related to the same incident" which forms the basis of his pending, but stayed, federal civil rights action. [6:11-cv-1749, rec. docs. 22-1 and 21-2, pg. 37-45; rec. doc. 3].

---

[1] Since the criminal charges remain pending, the stay order remains in effect.

To circumvent an obvious prescription problem (plaintiff's claim arose on January 7, 2011, the date of plaintiff's arrest), plaintiff asserts that he only recently received "constructive knowledge" of the taking of his cell phone on June 12, 2012.[2]

## Law and Analysis

Plaintiff has been allowed to proceed *in forma pauperis* in this civil action and in his pending, but stayed civil action, docket number 6:11-cv-1749. Title 28 U.S.C. §1915(a) enables an indigent litigant to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (e)(2)(B)(i) prevents abuse of the privilege by authorizing the court to dismiss the case at any time if the court determines that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) (interpreting former subsection (d)).

A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation. *Lewis v. Secretary of Public Safety and Corrections,* 2013 WL 219203, *2 (5th Cir. 2013) *citing Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) and *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.1989). A case

---

[2]Plaintiff alleges, "On June 12, 2012, Plaintiff Alexander, transferred . . . into the Lafayette Parish Sheriff's Office Transitional Work Program, where plaintiff received constructive knowledge that his arresting Lafayette City Police Officers Calvin Parker, committed a theft of plaintiff Alexander 3 GS Apple i-Phone, and then with the assistant [sic] of his partner Officer Christina Bernard . . . destroy[ed] the exculpatory information stored within Plaintiff's i-Phone, after learning that plaintiff Alexander's i-Phone had . . . information of exculpatory evidence involving plaintiff's arrest on two counts of simple battery, one count of simple burglary, one count of unauthorized entry, one count of improper telephone communications, and nine counts of felony possession of stolen property." [Doc. 1-2, p. 1].

is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Id. citing Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (interpreting former subsection (d)). Thus, if a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such repetitious litigation is subject to dismissal as malicious. *Id.* The dismissal, however, should be without prejudice. *Id.*

"When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." *Pittman*, 980 F.2d at 995. "[A] district court is 'vested with especially broad discretion' in determining whether . . . a dismissal [under § 1915(e)(2)(B)(i) ] is warranted." *Lewis*, 2013 WL 219203 at * 2 *quoting Bailey*, 846 F.2d at 1021 *quoting Green*, 788 F.2d at 1119.

The instant complaint, by plaintiff's own admission, is duplicative of matters presently pending before this Court and the Louisiana Fifteenth Judicial District Court. As such, the instant civil action is malicious and dismissal is appropriate.[3]

Through this duplicative litigation, as in his prior actions filed in this Court, plaintiff seeks nothing more than to disrupt the on-going prosecution of the criminal charges pending in the Fifteenth Judicial District Court. Furthermore, it appears that

---

[3] In the event that the stay in plaintiff's pending civil rights action is lifted, he may seek to amend this claim, to the extent that it has not already been squarely presented, provided that the claim is not prescribed and is deemed to "relate back" to the date of his original filing.

plaintiff has filed the instant claim separately to circumvent this Court's stay of his pending civil rights action. These observations bolster this Court's conclusion that dismissal is appropriate; it appears that plaintiff has abused the privilege of litigating *in forma pauperis*.

Based on the above;

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as duplicative and malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana, February 27, 2013.

Copy sent: RFD
On: 2/28/2013
By: MBD

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE